**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
In Re:                                                                       Chapter 11

Kwang S Lee                                                           Case No. 18-10073-mew

                                         Debtor,
------------------------------------------------------------------X

### KWANG S. LEE'S PROPOSED PLAN OF REORGANIZATION, DATED DECEMBER 21, 2018

### ARTICLE I
### SUMMARY

This Plan of Reorganization ("Plan") under Chapter 11 of the Bankruptcy Code ("Code") proposes to pay the creditors of Kwang S Lee ("Debtor") from the sale of the debtor's real property located at 635 W. 42nd Street, #25D, New York, NY 10036 ("Manhattan Condo").

This Plan provides for the sale of the debtor's "Manhattan Condo" to pay one class of secured claim. This Plan also provides for the payment of administrative in full on the effective date, except to the extent that a holder of such claim has agreed to other treatment.

All creditors should refer to Article III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

| | | | |
|---|---|---|---|
| 2.01 | Class 1 | | Class 1 is reserved for claims secured only by "Manhattan Condo". The claim of US Bank National Association C/O Shellpoint Mortgage Servicing ("Shellpoint") to the extent allowed as a secured claim pursuant to § 506 of the Code. |
| 2.02 | Class 2 | | Class 2 is reserved for claims secured only by the debtor's principal residence at 3211 Riverdale Avenue, Bronx, NY 10463. The claim of Wells Fargo Bank, N.A. ("Wells Fargo") to the extent allowed as a secured claim pursuant to § 506 of the Code. |

# ARTICLE III
# TREATMENT OF
# ADMINISTRATIVE EXPENSE CLAIMS, AND US TRUSTEES FEES

3.01    Unclassified Claims.

>Under § 1123(a)(1), administrative expense claims, including United States Trustee Fees, are not in classes.

3.02    Administrative Expense Claims.

>Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the debtor.

3.03    United States Trustee Fees.

>All fees required to be paid by 28 U.S.C. § 1930(a)(6) (US Trustee Fee) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any US Trustee Fee owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS, AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| All professionals' Allowed Fees | Unimpaired | The debtor's professionals will be paid the full amount of their allowed fees on the effective date of the Plan or on the date when professional consents to be paid over time. |
| Class 1 – Secured claim of Shellpoint Mortgage Servicing | Impaired | Class 1 is impaired by this Plan. Class 1 will be paid in full at the closing of the sale (sale by 3/1/2019) of the debtor's "Manhattan Condo" based on the amount set forth in a pay off letter to be provided by this claimant to the debtor good through the date of the closing. Until the claim is paid in full, Class 1 shall retain its lien on the "Manhattan Condo" which it has a lien. |
| Class 2 – Secured claim of Wells Fargo | Unimpaired | Class 2 is not impaired by this Plan. Class 2 has been paid on current pursuant to term |

|  |  | of the note by co-borrower. Class 2 will be paid by the co-borrower, continuously. |
|---|---|---|

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the debtor or another party in interests has filed an objection; or (ii) no proof of claim has been filed, and the debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.01    Settlement of Disputed Claim.

The debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASE

6.01    Assumed Executory Contracts and Unexpired Leases.

None

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Sale of the debtor's "Manhattan Condo".

Payments and distribution under this Plan will be funded by sale of the debtor's "Manhattan Condo" which will be sold by March 01, 2019. The minimum sale price of the "Manhattan Condo" is $1,560,000.00. The debtor retains a real estate broker with approval of this Court to market the "Manhattan Condo" for sale. Upon closing of the sale of the "Manhattan Condo", Class 1 will be paid in full from the proceeds from sale at the closing based on

       the amount set forth in a pay off letter to be provided by this claimant to the debtor good through the date of the closing.

7.02    <u>Transfer Taxes.</u>

       Pursuant to section 1146(a) of the Bankruptcy Code, the marking, delivery or recording of the deed or other instrument of transfer to the "Manhattan Condo" is being done in furtherance of this Plan. Accordingly, all deeds, bills of sale, assignments or other instrument of transfer to be executed by the debtor shall not be subject to any deed, stamp, transfer or recording tax or similar government assessment, and the appropriate State, Local, Federal, County, and City agent shall forego the collection of any such transfer taxes and accept for filing and recording any of the foregoing instruments or other documents without payment of any such tax or government assessment, including without limitation the New York State Documentary Tax.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction.</u>

       The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    <u>Effective Date of Plan.</u>

       The Effective Date of this Plan is the first business day immediately following the date in which this Plan is confirmed. The debtor requests that the Court waive the ordinary fourteen (14) days stay of the Conformation Order.

8.03    <u>Severability.</u>

       If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    <u>Binding Effect.</u>

       The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    <u>Captions.</u>

        The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    <u>Controlling Effect.</u>

        Unless a rule of Law or procedure is supplied by Federal Law (including the Code or the Federal Rules of Bankruptcy Procedure), the Law of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    <u>Corporate Governance.</u>

        Non applicable.

8.08    <u>Pre-Confirmation Modification.</u>

        On notice to and opportunity to be heard by the US Trustee, and creditors, the Plan may be altered, amended or modified by the debtor prior to the Confirmation date as provided in §1127 of the Bankruptcy Code.

8.09    <u>Post-Confirmation Immaterial Modification.</u>

        After the Confirmation date and prior to substantial consummation of the Plan, the Post-Confirmation debtor may, under §1127 (b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of the Plan and such proceedings do not materially adversely affect the treatment of holders of the claims under the Plan; provided however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court.

**ARTICLE IX**
**<u>DISCHARGE</u>**

9.01  Unless after notice and a hearing the Court orders otherwise for cause, confirmation of the Plan does not discharge any debt provided for in the Plan until the Court grants a discharge on completion of all payments under the Plan.

Respectfully submitted,

By; /S/ Kwang S. Lee
   Kwang S. Lee
   The debtor and plan proponent

By: /S/ Dong Sung Kim
   Attorneys for the debtor and plan proponent
   The Law Firm of Kim Choi & Kim, P.C.
   The debtor and plan proponent
   154-05 Northern Blvd. #301
   Flushing, NY 11354
   Dong Sung Kim, Esq.